```
          FILED
     U.S. DISTRICT COURT
  EASTERN DISTRICT OF LOUISIANA

     2015 APR 10 AM 9: 40

     WILLIAM
        CLERK
```



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

### BILL OF INFORMATION FOR WIRE FRAUD AND FAILURE TO PAY OVER TAXES

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **15-90** |
| v. | * | SECTION: **SECT. R MAG 1** |
| JASON C. DOYLE | * | VIOLATIONS: 18 U.S.C. § 1343 |
| | | 26 U.S.C. § 7202 |
| | * | 18 U.S.C. § 2 |

\* \* \*

The United States Attorney charges that:

### COUNT 1
*(Wire Fraud)*

**A.  AT ALL TIMES MATERIAL HEREIN**

1. In or around 2010 and continuing through 2014, the defendant, **JASON C. DOYLE** ("**DOYLE**"), controlled and operated a number of companies in the Eastern District of Louisiana, to include Franco Development, LLC, Franco Management Company, LLC, Doyle International, Inc., Doyle Restaurant Group Wholesale Company, LLC, JD Trademark Associates, LLC, and LCN-MOL, LLC.

2. **DOYLE** operated, franchised, and sold several restaurant business concepts. **DOYLE**'s business model consisted of soliciting monies from investors interested in owning and

```
___ Fee USA
___ Process ___
 X  Dktd ___
___ CtRmDep ___
___ Doc. No. ___
```

operating a restaurant franchise. In exchange for up-front payment(s) from investors, **DOYLE** guaranteed delivery of either a turn-key restaurant, or the equipment and essentials necessary to outfit and operate a restaurant.

3. In or around 2010 and continuing through 2014, **DOYLE** solicited and accepted investor funds for a number of restaurant projects, but instead of spending the investor monies on the investor's restaurant projects **DOYLE** fraudulently diverted the monies for his own personal use.

### Investor K.P.

4. In May 2011, **DOYLE** executed an agreement to sell investor K.P., a turn-key restaurant/bar in Phoenix, Arizona. Pursuant to their agreement, investor K.P. wired **DOYLE** payments totaling $318,500 in the summer of 2011. The executed agreement required **DOYLE** to hold the funds in escrow until the restaurant was completed. However, instead of using the monies to complete the restaurant/bar, **DOYLE** fraudulently diverted the monies for his own personal use.

### Investor J.K.

5. In or around late 2010 and early 2011, and continuing through 2014, **DOYLE** sold restaurant franchises to investor J.K. As part of the agreement, **DOYLE** agreed to provide investor J.K. with the equipment and essentials necessary to open two separate restaurants in Tulsa, Oklahoma. As part of this agreement, investor J.K. wired **DOYLE** payments totaling $269,901.56 in 2013 and 2014. These electronic payments were transmitted to cover the cost of the equipment and operating essentials promised by **DOYLE**. However, **DOYLE** never provided the equipment and essentials as promised. Instead, **DOYLE** fraudulently diverted the monies for his own personal use.

### Investor D.M.

6. In or around 2011, **DOYLE** solicited funds from investor, D.M., for a restaurant project in Baton Rouge, Louisiana. The agreement required D.M. to pay approximately $300,000 for an ownership interest in a company **DOYLE** controlled that would own the Baton Rouge restaurant. On or about January 20, 2012, D.M. transferred $300,000 in payments to **DOYLE**. **DOYLE** never completed the restaurant as promised. Instead, **DOYLE** fraudulently diverted the monies for his own personal use.

**B.    THE SCHEME TO DEFRAUD**

8. Beginning in 2010 and continuing through 2014, defendant, **JASON C. DOYLE**, knowingly and willfully devised and intended to devise a scheme and artifice to defraud investors K.P., J.K., and D.M. of their monies. As part of the scheme, **DOYLE** used false and fraudulent pretenses, material misrepresentations, and promises to defraud investors K.P., J.K., and D.M. of monies totaling approximately $888,401.56.

9. It was further part of the scheme and artifice to defraud that, from 2010 through 2014, **DOYLE** solicited funds from K.P., J.K., and D.M. by falsely representing that he would use their funds to complete their particular restaurant projects. As a result of his false representations, **DOYLE** received approximately $888,401.56 in funds from investors K.P., J.K., and D.M.

10. It was further part of the scheme and artifice to defraud that **DOYLE**, from 2010 through 2014, used interstate wire communications and electronic wire transfers of monies across state lines to carry out the scheme. These electronic communications and wire transfers travelled across state lines from outside the State of Louisiana and into the Eastern District of Louisiana.

11. It was further part of the scheme and artifice to defraud that, from 2010 through 2014, **DOYLE** fraudulently diverted investor funds from K.P, J.K., and D.M. for his own personal use.

12. It was further part of the scheme and artifice to defraud that, from 2010 through 2014, **DOYLE** made materially false representations to K.P., J.K., and D.M. and reassured them that their investor funds were being used for their restaurant projects and had not been diverted for **DOYLE**'s own personal use.

C. **THE USE OF THE WIRES**

13. **DOYLE**'s false representations caused investors K.P. and J.K. to wire monies in interstate commerce from outside the State of Louisiana and into the Eastern District of Louisiana. **DOYLE** also caused electronic signals and sounds to be transmitted by means of interstate wire communications across state lines from outside the State of Louisiana and into the Eastern District of Louisiana by communicating with investors K.P., J.K., and D.M. via e-mails and telephone calls. These interstate wire communications and wired money payments furthered the scheme to defraud.

14. From 2010 through 2014, in the Eastern District of Louisiana and elsewhere, the defendant, **JASON C. DOYLE**, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above and for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as set forth above, did unlawfully, willfully, and knowingly transmit and cause to be transmitted, in interstate commerce, certain writings, signs, signals, and sounds by means of wire and radio communication, from outside the State of Louisiana and into the Eastern District of Louisiana; to wit, and solely as examples: on or about May 26, 2011, and in furtherance of the scheme to

4

defraud, **DOYLE** caused K.P. to wire an electronic payment of $50,000 in interstate commerce to a bank account controlled by **DOYLE** in New Orleans, Louisiana; on or about November 29, 2011, **DOYLE** caused an electronic wire communication and transmission to travel in interstate commerce to D.M. in furtherance of the scheme to defraud; on or about May 31, 2013, and in furtherance of scheme to defraud, **DOYLE** caused J.K. to wire an electronic payment of $98,107.91 in interstate commerce to a bank account controlled by **DOYLE** in New Orleans, Louisiana; on or about February 13, 2014, and in furtherance of scheme to defraud, **DOYLE** caused J.K. to wire an electronic payment of $29,343.22 in interstate commerce to a bank account controlled by **DOYLE** in New Orleans, Louisiana.

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 2
*(Failure to Pay Over Taxes)*

15. In 2010 and 2011, the defendant, **JASON C. DOYLE**, a resident of New Orleans, Louisiana, located in the Eastern District of Louisiana, operated and controlled Franco Management Company, LLC, a limited liability company with its principal place of business in New Orleans, Louisiana.

16. As a responsible party, **DOYLE** was required to deduct, collect, truthfully account for, and pay over withheld employee payroll taxes to the Internal Revenue Service.

17. During the fourth quarter of the year 2010, ending December 31, 2010, **JASON C. DOYLE**, did deduct from the total taxable wages of his employees federal income taxes and Federal Insurance Contributions Act taxes.

18. On or about January 11, 2011, in the Eastern District of Louisiana, **JASON C. DOYLE** did willfully fail to truthfully account for and pay over to the Internal Revenue Service the federal income taxes and Federal Insurance Contributions Act taxes withheld and due and

owing to the United States of America for the quarter ending December 31, 2010.

In violation of Title 26, United States Code, Section 7202.

## NOTICE OF FORFEITURE

1. The allegations of Count 1 of this Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offense alleged in Count 1, defendant, **JASON C. DOYLE**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1343 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
RICHARD R. PICKENS, II
Assistant United States Attorney
La. Bar Roll No. 22593

_____
ANDRE J. LAGARDE
Assistant United States Attorney
La. Bar Roll No. 28649

New Orleans, Louisiana
April 10, 2015

No. _____

# United States District Court

FOR THE

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

JASON C. DOYLE

**BILL OF INFORMATION FOR WIRE FRAUD AND FAILURE TO PAY OVER TAXES**

Violation(s): 18 U.S.C. § 1343 / 26 U.S.C. § 7202

Filed _____, 20 15

_____, Clerk.

By _____, Deputy

*[signature]*

RICHARD R. PICKENS, II
Assistant United States Attorney